

**FILED**
**JAN 0 5 2007**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| CAROL BROUGHTON, | * | CIV. 06-4015 |
|  | * |  |
| Plaintiff, | * |  |
|  | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
|  | * |  |
| UNUM LIFE INSURANCE COMPANY | * |  |
| OF AMERICA and BEHR AMERICA | * |  |
| HOLDING, INC., | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are the summary judgment motions of defendants UNUM Life Insurance Company of America (UNUM) and Behr America Holding, Inc. (Behr) (Docs. 26 & 31).

## UNDISPUTED FACTS

Plaintiff Carol Broughton (Broughton) is a South Dakota resident who is a participant in the Behr pension plan governed by the Employee Retirement Income Security Act (ERISA) (Doc. 1). Behr was Broughton's employer. Behr has places of business in South Carolina, Michigan, Texas and South Dakota (Doc. 29, UACL 00259). UNUM is the plan administrator and insurer (Docs. 1 & 28). Behr is the policy holder for the Group Long Term Disability Benefits for Behr's employees. The policy became effective January 1, 1994 (Doc. 29, UACL00257). The plan provides the policy was delivered under and is governed by the laws of South Carolina (Doc. 29, UACL00257).

Broughton became employed by Behr on April 1, 1986. Broughton suffered a work related injury on December 5, 1998, when she was struck on the head by a steel beam (Doc. 1). On December 16, 2001, the Social Security Administration notified Broughton it had determined she

was totally disabled as of April 6, 2000. (Doc. 29, UACL 00014). She was represented by counsel concerning the social security claim (Doc. 29, UACL00015). She first filed her claim for long term disability benefits from UNUM's policy by letter from her lawyer dated April 1, 2005 (Doc. 29, UACL00013). The letter advised she was terminated from employment in May 2000 and that she was claiming total disability benefits under UNUM's policy beginning in May 2000. The policy provides in pertinent part that benefits will be paid when UNUM receives proof that an insured is disabled due to an injury (UACL 00268). The policy definition of "injury" includes: ". . . . The injury must occur and disability must begin while the employee is insured under this policy." (UACL 00264).

UNUM decided Broughton's claim was filed too late, so the merits of her claim were not evaluated (Doc. 29, UACL00228, among other places). UNUM calculated that the last day Broughton could have timely filed her claim was February 23, 2002, assuming her last day of work was May 31, 2000. UNUM wrote to counsel for Broughton on May 2, 2005, advising the claim would not be honored because it was filed too late (Doc. 29, UACL291-294). Among other matters, UNUM wrote:

> Written notice of claim must be given to the Company within 30 days of the start date of disability, if that is possible. If that is not possible, the Company must be notified as soon as it is reasonably possible to do so.
>
> When the Company has the written notice of claim, the Company will send the insured its claim forms. If the forms are not received within 15 days after the written notice of claim is sent, the insured can send the company written proof of claim without waiting for the form.
>
> Proof of claim must be given to the Company. This must be done no later than 90 days after the end of the elimination period. If it is not possible to give proof within these time limits, it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time of proof is otherwise required.

These plan provisions are found in the claims record at Doc. 29, UACL00278. The elimination period is defined in the policy as 180 days (Doc. 29, UACL00259). The claim file contains a note that the date of disability is more than 21 months in the past (Doc. 29, UACL00251). The policy provides the company shall have discretionary authority "both to determine an employee's eligibility for benefits and to construe the terms of this policy" in making benefit decisions (Doc. UACL00285). UNUM's denial letter also notified Broughton of her right to appeal the denial and explained the process.

Broughton appealed denial of her claim by letter to UNUM from her counsel dated September 20, 2005 (Doc. 29, UACL00299-00300). Counsel's argument in the letter itself was the only additional matter presented during the appeal. Counsel argued the South Dakota statute of limitations "for a contract" is six years. Counsel also referred to the medical records already in the possession of UNUM to point out that Broughton did not receive a neuropyschological evaluation "until that was arranged for her by my office." The argument continued that Behr, who was handling her worker's compensation claim, kept Broughton from seeing a doctor who was capable of determining whether she had sustained a closed head injury. Counsel argues"[h]er claim is within the statute of limitations, and since she was denied appropriate medical treatment by Behr in the first part, she should be entitled to the benefits as if she had received the treatment then."

The appeal was considered by a different claims examiner from the examiner who first denied the claim (Doc. 29, UACL00301-00317). A document in the claims record, under the heading "Attorney/Client privileged communication," reveals the appeals examiner consulted with counsel for UNUM about the argument of Broughton's counsel that the statute of limitations is six

years and the policy cannot shorten the time set by the statute (Doc. 29, UACL00313). She was told ". . . the statue of limitations is for a breach of contract and has nothing to do with legal issue (sic) for an individual to file a notice and proof of claim pursuant to an expressed requirement in the policy." UNUM's appeal examiner notified Broughton's counsel of her refusal to accept Broughton's claim by letter dated October 10, 2005 (Doc. 29, UACL00315-317). She again cited the notice provisions in the policy. She advised the statute of limitations argument had been considered and rejected because ". . . the statue of limitations for breach of contract does not pertain to the legal issues for an individual to file notice and proof of claim pursuant to an expressed requirement in the policy."[1] The denial letter explained "[t]he elimination period required by the policy is 180 days. Therefore, if she last worked on May 31, 2000, proof of claim should have been received no later than February 23, 2002." Finally, the letter explained the claim was filed more than three years after the last date it could have been timely filed under the claim procedure described in the policy, so the original decision to deny the claim as untimely was upheld. (UACL 000317).

This lawsuit followed. UNUM and Behr have filed motions for summary judgment. Broughton resists the motions.

## DISCUSSION

### 1(a). **Summary Judgment Standard.**

When the record, viewed in the light most favorable to the non-moving party, shows there is no genuine issue about any material fact and that the moving party is entitled to judgment as a

---

[1] In this letter and elsewhere in the claim file UNUM referred to South Dakota law as though it governed the issues in the claim, notwithstanding that the policy itself provided South Carolina law governs.

4

matter of law, summary judgment is appropriate. Fed.R.Civ.P. 56(c); Jankovitz v. Des Moines Independent Community School Dist., 421 F.3d 649, 652-653 (8th Cir. 2001). "Where the unresolved issues are primarily legal, rather than factual, summary judgment is particularly appropriate." Id.

### 1(b). Standard of Review.

"The Supreme Court has recognized that a deferential standard of review is appropriate under 29 U.S.C. § 1132(a)(1)(B), if the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Smith v. UNUM Life Ins. Co. of America, 35 F.3d 789, 794 (8th Cir. 2002) citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)(internal quotations omitted). Under the abuse of discretion standard, the reviewing court looks to see whether the plan administrator's decision was reasonable. Clapp v. Citibank, N.A. Disability Plan (501), 262 F.3d 820, 828 (8th Cir. 2001). In doing so, the reviewing court must determine whether the decision is supported by substantial evidence, which is more than a scintilla, but less than a preponderance. Clapp at 826. The plan administrator's decision will be deemed reasonable if a reasonable person could have reached a similar decision, given the evidence before it, not that a reasonable person would have reached that decision. Id. When the benefit plan grants discretion to a plan administrator or fiduciary operating under a conflict of interest, the conflict must be weighed as a factor in determining whether there is an abuse of discretion. Barnhart v. UNUM Life Ins. Co. of America, 179 F.3d 583, 588 (8th Cir. 1999). The reviewing court can assume there is a conflict of interest when the plan administrator is also the insurer. Id. The second prong of Woo requires demonstrating how a conflict of interest or serious procedural irregularity caused a serious breach of the administrator's fiduciary duty. Id., citing Woo v. Deluxe Corp., 144 F.3d 1157, 1161 (8th Cir. 1998). This requirement is met by

5

showing that the conflict or irregularity has a connection to the substantive decision reached. Barnhart at 589, citing Woo. The evidence offered by the claimant must give rise to serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim. Id.

## 2. Defendant UNUM's Arguments to Support Summary Judgment.

UNUM asserts the plan gave it discretionary authority to determine eligibility for benefits and to construe the terms of the plan. UNUM points out the plan requires a person making a claim for benefits to give notice to UNUM within 30 days of the date disability or, if that is not possible, as soon as it is reasonably possible to give notice. UNUM points out the plan requires a person who gives notice of a claim to also prove the claim within 90 days after the end of the elimination period, which is 180 days. If proof of the claim cannot be timely made, then proof must be made as soon as reasonable possible, but in any event not later than one year after the time when proof is otherwise required. There is one exception for giving proof later than one year beyond the time otherwise allowed, i.e. when the person is legally unable to notify UNUM. UNUM maintains that its first notice of the claim was not until April 1, 2005, which is more than three years after the last date the claim could have been filed within the time allowed by the plan— February 23, 2002.

Responding to plaintiff's argument about the six year statute of limitations, UNUM urges notice and proof of loss requirements are conditions precedent to insurer liability. UNUM argues the statute of limitations and the notice/proof of loss requirements are two different matters. The longer statute of limitations is not a matter which dissolves the shorter proof of loss requirement. Responding to plaintiff's argument that UNUM must show that it suffered prejudice as a result of late filing in order to justify denying Broughton's claim for late notice, UNUM argues that South

Carolina law governs. South Carolina law does not require prejudice to accompany late filing in order to justify denial of the claim for late notice, according to UNUM. Even if the law of South Carolina does not govern, according to UNUM, it is still entitled to summary judgment because South Dakota case precedent reveals delayed notice of three years has prejudiced the insurer's right to conduct a reasonably contemporaneous medical examination to assess claimant's disability status. UNUM argues plaintiff has not responded to its argument that courts commonly reject disputes about the date upon which notice of claim and proof of loss were required as questions of fact which preclude summary judgment.

### 3. **Defendant Behr's Arguments to Support to Support Summary Judgment.**

Behr argues Broughton's claim against it is barred by the worker's compensation settlement agreement she signed which released all claims she could assert against Behr. Behr maintains it is not a proper party defendant because its only role was that of plaintiff's employer, in which capacity Behr purchased insurance. Behr argues it had no part in the claims process and had no role in the administrative processes of the plan. Beyond those matters, Behr maintains that UNUM's denial of the claim was not arbitrary or capricious and cites several cases to support the proposition that denial of a claim is appropriate where notice was late.

Responding to plaintiff, Behr points out that Broughton did not respond either to Behr's argument about the release in the settlement agreement or to Behr's argument that it had nothing to do with the decision to deny benefits, so Behr is not a proper party defendant.

### 4. **Plaintiff Broughton's Arguments in Opposition to Summary Judgment.**

Broughton's arguments are similar to the analysis of the Eighth Circuit Court of Appeals in Weyrauch v. Cigna Life Ins. Co. of N.Y., 416 F.3d. 717 (8th Cir. 2005). Broughton argues the South

7

Dakota six year statute of limitations for contract governs because ERISA itself does not provide a statute of limitations. Any policy provision, in this instance the notice/proof of loss requirement, which conflicts with the applicable statute of limitations is contrary to public policy, is invalid, and is unenforceable, according to Broughton. Broughton maintains she notified UNUM and provided the proof of loss as soon as was reasonably possible. There are questions of fact to be resolved at trial about the timeliness of notice and proof of loss, according to Broughton. Broughton urges she did not know she had sustained a closed head injury until May 18, 2004, so that her April 1, 2005, notice of claim and proof of loss occurred within one year and within the time allowed by the plan. She urges also that mere delay without prejudice fails to justify denial of the claim under South Dakota common law, so the existence of prejudice constitutes a fact question to be resolved at trial. Finally, Broughton argues the interests of justice require her claim to be resolved on its merits so summary judgment should be denied.

### 5. Analysis

#### A. The Standard for Review is for Abuse of Discretion.

The standard of review is for abuse of discretion. The plan gives UNUM discretion. A conflict of interest is presumed because UNUM is both the plan administrator and the plan insurer. No connection between UNUM's decision and the conflict of interest has been shown.

##### (1) The UNUM Policy.

The pertinent parts of the UNUM policy provide:

Governing Jurisdiction:    South Carolina

> . . . . This policy is delivered in and governed by the laws of the governing jurisdiction and to the extent applicable by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments.

8

.... F. NOTICE AND PROOF OF CLAIM

1. Notice

   a. Written notice of claim must be given to the Company within 30 days of the date disability starts, if that is possible. If that is not possible, the Company must be notified as soon as it is reasonably possible to do so.

.... 2. Proof

   a. Proof of claim must be given to the Company. This must be done no later than 90 days after the end of the elimination period.

   b. If it is not possible to give proof within these time limits, it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time proof is otherwise required, unless the insured is legally unable to notify the Company.

....4. Elimination Period

   180 days

... 12. Discretionary Authority

   In making any benefits determination under this policy, the Company shall have the discretionary authority both to determine an employee's eligibility for benefits and to construe the terms of this policy.

DEFINITIONS
....3.          limitations or requirements that may apply.

   ...."Elimination period" means a period of consecutive days of disability for which no benefit is payable. The elimination period is shown in the policy specifications and begins on the first day of disability.

   ...."Injury" means ..... The injury must occur and disability must begin while the employee is insured under this policy.

In summary, the plan provides (1) that the law of South Carolina applies, (2) that notice must be given within 30 days of disability, (3) that proof of loss must be given within 90 days after the elimination period, (4) that the elimination period is 180 days, (5) that if it is not possible to give

9

proof within these time limits proof must be given within one year after the time proof is otherwise required, (6) that UNUM has discretionary authority, and (7) that the injury and disability must both occur while the employee is insured under the policy.

(2) UNUM's Conflict of Interest.

Where there is a conflict of interest or procedural irregularity, a standard of review less deferential than abuse of discretion applies to an ERISA benefits claim only when the conflict or irregularity gives rise to serious doubts as to whether the result reached was the product of an arbitrary decision or the administrator's whim. Farfalla v. Mutual of Omaha Ins. Co., 324 F.3d 971, 973 (8th Cir. 2003); Schatz v. Mutual of Omaha Ins. Co., 220 F.3d 944 (8th Cir. 2000). There is no evidence in the record to suggest that UNUM's conflict of interest as both the insurer and the plan administrator impacted its decision to deny benefits. "When considered in isolation, an insurer's desire to maintain competitive insurance rates could be construed as a conflict of interest. However, a benefits determination includes equally compelling long-term business concerns that would encourage insurers to make these determinations in a fair and consistent manner, thus negating any indicia of bias. In the long run, an insurer that routinely denies valid claims for benefits would have difficulty retaining current customers and attracting new business." Farley v. Arkansas Blue Cross and Blue Shield, 177 F.3d 774, 777 (8th 1998). The Eighth Circuit has decided that being both the insurer and the plan administrator is a palpable conflict of interest which, without evidence in the record which shows a connection between the conflict of interest and the administrator's decision, does not prevent deferential review. Barnhart v. UNUM Life Ins. Co. of America, 179 F.3d 583, 588 (8th Cir. 1999); Schatz v. Mutual of Omaha Ins. Co., 220 F.3d 944 (8th Cir. 2000).

B.   There is Substantial Evidence to Support UNUM's Decision that Notice and Proof of Loss were Outside the Time Allowed by the Plan

"In deciding whether the Trustees' denial of benefits was arbitrary or capricious, we limit our review to the evidence that was before the Trustees." Collins v. Central States, Southeast and Southwest Areas Health and Welfare Fund, 18 F.3d 556, 560 (8th Cir. 1994). "In applying an abuse of discretion standard, the reviewing court must affirm if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." Ferrari v. Teachers Ins. and Annuity Ass'n, 278 F.3d 801, 807 (8th Cir.2002) (internal citation omitted). A reasonable decision is one based on substantial evidence that was actually before the plan administrator. See Donaho v. FMC Corp., 74 F.3d 894, 899 (8th Cir.1996). Substantial evidence is more than a scintilla but less than a preponderance. Schatz v. Mutual of Omaha Ins. Co., 220 F.3d 944, 949 (8th Cir. 2000); Smith v. UNUM Life Ins. Co. of America, 305 F.3d 789, 794 (8th. Cir. 2002).

There is substantial evidence in the administrative record to support UNUM's decision. A reasonable person could conclude the claim was filed too late. Broughton notified UNUM of her claim for long term disability benefits by letter dated April 1, 2005. She claimed a date of disability commencing at the end of May, 2000. Accepting May, 2000, as Broughton's date of disability, UNUM calculated February 23, 2002, as the last day she could have timely filed within the notice of claim and proof of loss provisions of the plan. Her claim was filed more than three years after February 23, 2002.

UNUM calculated the last day Broughton's claim could be timely filed under the time allowed by the plan to be 21 months after the disability began. The last day of May, 2000,

(Broughton's date of disability per her notice letter of April 1, 2005) plus 21 months equals the end of February, 2002. The provisions of the plan support the conclusion that 21 months is the correct amount of time against which to measure the date of filing notice of claim and proof of loss (180 days– six months– elimination period, plus 90 days– three months– for proof of claim, plus one year equals 635 days, which calculates to 21 months of 30.24 days each[2]). The disability date is the date from which the calculation begins under the terms of the plan. The disability date used for the calculation, the last day of May, 2000, is the date Broughton told UNUM the disability began per her April 1, 2005 letter. The last day of May, 2000, plus 21 months equals the end of February, 2002. UNUM calculated February 23, 2002, as the last day the claim could be filed within the time allowed by the policy. Broughton's notice of claim and proof of loss were not filed until April 1, 2005, more than three years after February 23, 2002. There is an absence of evidence in the record to show that it was not possible for Broughton to timely notify UNUM of the claim and to provide proof of loss. There is an absence of evidence in the record to show, and it was not argued, that Broughton was legally unable to notify UNUM and to provide proof of loss. Absent evidence of legal incapacity, Broughton knew she did not work after April, 2000, and she knew that by the end of 2001 she had been determined to be totally disabled as of April 2000 by the Social Security Administration. Broughton's entitlement to plan benefits was related to her total disability, not her awareness of a closed head injury. Broughton was disabled not later than the end May, 2000, even though she may not have become aware of her closed head injury until May of 2004. There was substantial evidence to support UNUM's decision that Broughton's claim was filed too late to merit further consideration.

---

[2]One might observe the calculation failed to include the 30 days allowed for notice of claim to be filed. The first 30 days during which notice must be provided are the first 30 days of the 180 elimination period, so the calculation is 180 days plus 90 days plus one year.

12

The Eighth Circuit Court of Appeals has applied a five-factor test in some ERISA benefit cases. Ferrari v. Teachers Ins. and Annuity Ass'n, 278 F.3d 801, 808, fn 4 (8th Cir. 2001). The five factors are: 1) whether the decision-maker's interpretation of the plan is consistent with the goals of the plan; 2) whether the decision-maker's interpretation conflicts with the substantive or procedural requirements of the ERISA statute; 3) whether the decision- maker has interpreted the relevant terms consistently; 4) whether the interpretation renders any language in the plan meaningless or internally inconsistent; and 5) whether the interpretation is contrary to the clear language of the plan. UNUM's decision to deny Broughton's claim as late is consistent with the language of the plan, hence consistent with the goals of the plan. UNUM's decision does not conflict with the substantive or procedural requirements of ERISA. There is no evidence in the record that UNUM has interpreted the notice of claim and proof of claim requirements differently from the way they were interpreted in Broughton's case. UNUM's interpretation in Broughton's case does not render any language in the plan meaningless of internally inconsistent. UNUM's calculation of the date by which Broughton's claim was required to be filed and proved is consistent with the clear language of the plan. Application of the Ferrari factors does not reveal any fact issues to be resolved about UNUM's abuse of discretion.

C. Under South Carolina Law UNUM is Not Required to Show it Suffered Prejudice from Claimant's Late Filing of Notice and Proof of Loss.

ERISA preempts state law, except state laws which regulate insurance. 29 U.S.C. § 1144(a) & (b)(2)(a). ERISA itself contains no "notice/prejudice" requirement. Likewise, South Carolina law does not require an insurer to show prejudice to justify denial of a late claim. Because ERISA contains no "notice/prejudice" requirement and this ERISA contract is construed according to South Carolina law, UNUM does not need to show prejudice in order to deny Broughton's claim based on late notice regardless of whether ERISA or state law governs. Also, because South Carolina law

applies, any discussion about the applicability of South Dakota's "notice/prejudice" rule is not relevant.

The plan provides the policy was delivered under and is governed by the laws of South Carolina (Doc. 29, UACL00257). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. They are enforceable unless they would actually deprive the opposing party of his fair day in court." M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d. 750, 752 (8th Cir. 1999). Behr has plants in South Carolina, South Dakota, Michigan, and Texas. The selection of South Carolina as the state whose laws are to govern this plan is reasonable. South Carolina law governs this case.

Plaintiff argues even if her claim was filed outside of the plan's notice and proof of loss requirements, denial of her claim for late notice and late proof of loss cannot be justified unless UNUM suffered prejudice from the late filing. South Carolina does not require the insurer to suffer prejudice to justify denial of a late filed claim.

> No rule of law is more firmly established in this jurisdiction than one suing on a policy of insurance, where the notice requiring the policy is not timely given, cannot recover. The court has gone so far as to hold that the failure to give the required notice in the allotted time is failed to the right of recovery, even if it be shown that the insurance company had suffered no harm by the delays.

Bruce v. United States Fidelity. & Guaranty Co., 277 F. Supp. 439, 443 (D.S.C. 1967). There is not a fact question to be resolved at trial about prejudice suffered by UNUM. UNUM is not required to show prejudice under either ERISA or under South Carolina law.

D. *Weyrauch* is Not Applicable.

Broughton's arguments track the analysis of the Eighth Circuit Court of Appeals in Weyrauch v. Cigna Life Ins. Co. of N.Y., 416 F.3d. 717 (8th Cir. 2005). Two features from Broughton's case distinguish Weyrauch. First, Broughton's plan provisions give the administrator authority to

14

interpret the plan and to determine coverage. The administrator of the plan in Weyrauch was not given discretion to interpret the plan or to determine coverage. That difference dictates different standards for review. The standard of review in Broughton's case requires that deference should be given to the administrator's decision to deny benefits because UNUM possessed discretionary authority. UNUM's denial of benefits must be affirmed if there is substantial evidence in the record to support the denial. UNUM's denial must be affirmed if a reasonable person could have reached the same decision, even if another reasonable person could have made a different decision. In Weyrauch the court's review was de novo because the plan administrator did not possess discretionary authority to construe the terms of the plan. De novo review allows the court to review the same record as was before the plan administrator without giving deference to the administrator's decision. See De Coninck v. Provident Life and Accident Ins. Co., 747 F.Supp. 727, 732 (D.Kan. 1990). Based on the same record, the Weyrauch court was free to make a decision different from the plan administrator.

The second distinguishing feature is the difference between the courses of Broughton's and Weyrauch's medical conditions. Broughton suffered a disabling injury in 1998, tried to work but couldn't, was given leave of absence, was finally terminated from her job in May of 2000, and was determined to be totally disabled by the Social Security Administration as of April 2000 by a decision of which Broughton was made aware by a letter dated December 16, 2001.[3] Broughton has been continuously totally disabled from April of 2000, with no subsequent period of significant work and no subsequent deterioration of her condition, and she was determined to be totally disabled by the Social Security Department as of April 2000. She knew of the total disability determination in

---

[3]The decision of the Social Security Administration has only to do with notice to Broughton. The determination of total disability by the Social Security Department, obviously, is not controlling under the plan.

15

December 2001, long before her psychoneurological evaluation in 2004. Weyrauch, on the other hand, suffered a stroke in 1996, but was not totally disabled and was not diagnosed as totally disabled until 1999 at the end of his course. There is no evidence in the record that the closed head injury rendered Broughton legally unable to provide the required notice of her claim and proof of loss within one year of the time when the proof of loss was required.[4] Broughton was represented by counsel during the Social Security Administration proceedings. A reasonable person could conclude her notice of claim for an injury beginning in May of 2000 was too late.

The statute of limitations discussion by the Eighth Circuit in <u>Weyrauch</u> addressed the date when counting should begin to determine the expiration date of the statute of limitations. The Eighth Circuit's discussion in <u>Weyrauch</u> about the statute of limitations did not address the impact of the statute of limitations upon the notice/proof of loss requirements of the plan. The <u>Weyrauch</u> decision does not advance Broughton's statute of limitations argument.

E.   <u>The South Dakota Six Year Statute of Limitations does not Nullify the Plan Notice and Proof of Loss Time Requirements.</u>

Broughton argues that her lawsuit is not barred because she filed the lawsuit within a year after UNUM denied her claim. This argument confuses the state statute of limitations with the plan notice and proof of claim requirements. Notice of the claim and proof of the claim are conditions precedent to an insurer's liability. Steinberg v. Paul Revere Life. Ins. Co., 73 F.Supp.2d. 358, 361 (S.D.N.Y. 1999). The statute of limitations and the notice/proof of claim requirements are two different matters. Accepting the argument that the statute of limitations nullifies the notice/proof of claim provisions in the plan would be to write them out of the policy. Even accepting, without

---

[4]The medical records reveal she provided the medical history to her examining physician in May of 2004 during her neuropsychological evaluation, and she provided information to the vocational expert retained by her counsel in June of 2004. (UACL 00029-00030 & 00019).

16

deciding, that Broughton's claim was filed within the appropriate statute of limitations, her claim still fails because she did not comply with the plan requirements for notice of claim and for proof of claim.

It is not necessary to decide Behr's argument that the worker's compensation settlement agreement bars the claim nor to decide whether Behr is a proper party.

## CONCLUSION AND ORDER

There are no fact questions to be decided at a trial. UNUM and Behr are entitled to summary judgment in their favor because there is substantial evidence to support UNUM's decision that Carol Broughton's claim was filed outside of the notice and proof of claim requirements described in the plan. It is therefore

ORDERED that the motions for summary judgment (Docs. 26 & 31) are GRANTED.

Dated this 5th day of January, 2007.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By _____, Deputy

17